## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,    )
    )
         Plaintiff,    )
    )
      v.    )      Case No. 06-20108-JWL
    )
RODERICK WRIGHT II,    )
    )
         Defendant.    )
    )
_____)

## MEMORANDUM AND ORDER

This matter is presently before the Court on defendant's Motion for Permission to File § 2255 Motion Out of Time (Doc. # 146). For the reasons set forth below, the motion is **denied**.

After a bench trial in July 2007, defendant was convicted of the crime of impersonating an officer in the United States Army, in violation of 18 U.S.C. § 912, and he was sentenced to probation for a term of five years. The Tenth Circuit affirmed defendant's conviction. On January 9, 2013, defendant filed the instant motion through counsel, by which defendant seeks permission to file out of time a petition pursuant to 28 U.S.C. § 2255. In the motion, defendant explains that his Section 2255 petition would be based on new evidence from a military law specialist that he was not properly discharged from the Army, from which he would argue that he could not have committed the charged crime because he was in fact an officer at the relevant time. Defendant did

not state a basis for an extension. In his reply brief, defendant argues for equitable tolling of the one-year deadline in Section 2255 based on his actual innocence.

As this Court has previously held, the issue of equitable tolling is ripe for resolution only after a Section 2255 petition has been filed and the issue of timeliness has been raised. *See United States v. Housh*, 2002 WL 398733, at *1 (D. Kan. Feb. 27, 2002). Defendant has not yet filed a petition pursuant to Section 2255; accordingly, the Court may not decide the issue of equitable tolling, and defendant's motion is denied.

Defendant argues that denial of his motion on this basis would work a hardship because he is no longer in "custody" and therefore cannot file a petition under Section 2255. (In his motion, defendant stated that his period of probation was to end on January 10, 2013, one day after the filing of his motion.) The Court is unmoved, however. The Court's precedent requiring a petition was clear, and defendant has not stated any reason why he could not have filed his petition before his period of probation expired. (The Court notes from an attached affidavit from trial counsel that defendant retained his expert in Spring 2012.)

Moreover, the rationale of requiring the full development of the record on the Section 2255 petition is borne out in this case, as the Court certainly could not find defendant's actual innocence based on this motion alone. For instance, defendant has not included an affidavit from his new expert. Nor has defendant explained away the evidence, noted by the Tenth Circuit, that he was separated from the Army prior to his graduation as an officer.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's Motion for Permission to File § 2255 Motion Out of Time (Doc. # 146) is **denied**.


IT IS SO ORDERED.

Dated this 27th day of March, 2013, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
